IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NAZARIO CHAVEZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:12cv146 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Nazario Chavez, Jr., inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a prison disciplinary conviction.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this matter be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings.  Petitioner filed objections to the Report and Recommendation, as well as supplemental objections.  The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The Magistrate Judge concluded that the one-year period of limitations applicable to a petition seeking a writ of habeas corpus began to run on October 15, 2009, when petitioner's Step 2 grievance concerning the disciplinary conviction was denied, and expired one year later, on October 15, 2010.  Petitioner asserts that the current petition should be considered as merely a continuation of a civil rights lawsuit he filed concerning the subject matter of the petition, rather than a new and separate action.

Petitioner is referring to civil action number 9:11cv121, *Chavez v. Lane*.  If the current petition could be considered merely a continuation of petitioner's civil rights action, the petition would be considered to have been filed on July 12, 2011, when the civil rights action was filed, rather than on September 7, 2012, when the petition was filed.  However, this would be of no help to petitioner.  The Magistrate Judge correctly concluded the period of limitations expired on October 15, 2010.  As a result, the period of limitations had already expired when petitioner filed his civil rights action.  Petitioner's objections are therefore without merit.

ORDER

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court.  A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability.  An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to jurists of reason.  The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions

presented are not worth of encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **16** day of **July, 2013.**


_____
Ron Clark, United States District Judge